IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS JOHN CARTER, ) | |
| ) | Case No. 16-cv-9732 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| J.P. MORGAN CHASE BANK and ) | |
| U.S. SECURITY ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Thomas James Carter filed an eleven count complaint against Defendants J.P. Morgan Chase Bank and U.S. Security Associates alleging employment discrimination, disability discrimination, violations of the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"), and numerous other federal rights violations. Currently before the Court are Defendants' motion to dismiss [9] and Plaintiff's motions for a preliminary injunction [26] and [29]. For the reasons set forth below, the Court grants Defendants' motion to dismiss [9] and denies as moot Plaintiff's motions [26] and [29]. A final judgment will be entered and the case will be closed.

**I. Background**

On October 14, 2016, Plaintiff filed a *pro se* complaint against Defendant J.P. Morgan Chase Bank, Defendant U.S. Security Associates, and former Defendant Randstad US, L.P. Plaintiff alleges that on April 24, 2014, he attempted to enter the Chase Facility in Elk Grove Village, Illinois to interview for a position as a Service Delivery Manager. Plaintiff contends that when a security guard requested identification, he offered an U.S. military identification card. However, according to Plaintiff, he was informed that this was not an acceptable form of

identification and was refused entry to the building. Plaintiff asks the Court to direct Defendant J.P. Morgan Chase Bank to hire Plaintiff as a contractor with subcontractor former Defendant Randstad US, L.P., to direct Defendant U.S. Security Associates to expunge the "false report," and to grant Plaintiff "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and costs, including reasonable legal Pro Se fees and expert witness fees."

Plaintiff acknowledges in his complaint that he has already filed two previously lawsuits based on this set of facts. Plaintiff's first lawsuit alleged violations of USERRA and the Racketeer Influenced and Corrupt Organizations Act, "document fraud" and conspiracy, age discrimination, and retaliation based on the same set of facts. See *Carter v. J.P. Morgan Chase, N.A.*, 2015 WL 8989003, at *1 (N.D. Ill. Dec. 16, 2015) ("On April 24, 2014, Thomas Carter, a retired U.S. Army captain, went to a J.P. Morgan Chase facility in Elk Grove Village, Illinois for an interview with a Chase subcontractor. He was denied entry by two security officers[.] * * * Mr. Carter ultimately got his interview, but he did not get the job. He says that a representative of the contractor attributed this to his interaction with the security officers."). On December 16, 2015, Judge Kennelly dismissed Plaintiff's first lawsuit for failure to state a claim. *Id.* Plaintiff appealed, and the Seventh Circuit affirmed. *Carter v. JPMorgan Chase Bank, N.A.*, 650 F. App'x 896, 897 (7th Cir. 2016). On June 29, 2016, Plaintiff brought yet another lawsuit arising out of the same set of facts. See *Carter v. J.P. Morgan Chase, N.A.*, No. 16-cv-6818, (Sept. 27, 2016) ("On April 24, 2014, plaintiff went to a J.P. Morgan Chase Bank in Elk Gove Village, Illinois for a job interview with a Chase subcontractor. The building manager and a U.S. Security Associates security guard denied plaintiff entry to the building[.] * * * As a result of this incident, plaintiff alleges employment discrimination, conspiracy, and numerous federal

rights violations."). Judge Gettleman dismissed Plaintiff's second lawsuit with prejudice as barred by *res judicata*, citing Plaintiff's first lawsuit. *Id.* Judge Gettleman also denied Plaintiff's motion for reconsideration.

In the case at bar, the Defendants filed a motion to dismiss based on *res judicata*, which is currently before the Court.

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

3

Although *res judicata* is an affirmative defense typically raised in an answer, where an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

**III.     Analysis**

Plaintiff's claims in the current lawsuit are barred by the doctrine of *res judicata* and the doctrine of claim splitting. Three requirements must be met for *res judicata* to apply: "(1) identity of the claim, (2) identity of parties * * * and (3) a final judgment on the merits." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). To the extent that Plaintiff brings claims in the present lawsuit that he previously brought in his two prior lawsuits, such as his claims of age discrimination and violations of USERRA, there is an identity of the claim. Additionally, there is an identity of parties, as Defendants J.P. Morgan Chase Bank and U.S. Security Associates were both defendants in Plaintiff's prior lawsuits. Plaintiff argues that his case should not be dismissed because he added a new defendant, Randstad US, L.P., who was not named as a defendant in his two previous lawsuits. However, Randstad US, L.P. is no longer party to this suit, as the Court previously dismissed Randstad US, L.P. with prejudice pursuant to the parties' joint stipulation of dismissal. [21, 22.] Finally, there is a final judgment on the merits, as Plaintiff's two previous lawsuits were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), which constitutes a final adjudication on the merits." *Wade v. Hopper*, 993 F.2d 1246, 1252 (7th Cir. 1993).

To the extent that Plaintiff attempts to bring new claims under legal theories that he did not raise in his previous lawsuits, his claims are barred by the doctrine of claim splitting. Under the doctrine of claim splitting, a form of *res judicata*, a party cannot split a cause of action into separate grounds of recovery and bring successive lawsuits. *Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016); *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006). Rather, a party must bring in one lawsuit "all legal theories arising out of the same transaction or series of transactions." *Kim*, 412 F. Supp. 2d at 941; see also *Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997) ("Two claims arising from the same set of facts are one claim for *res judicata* purposes, and may not be split * * * by making each claim the subject of a separate suit[.]"). Since all of Plaintiff's claims in the current lawsuit are based on the exact same set of facts as his previous two lawsuits—his denial of entry to the Chase Facility in Elk Grove Village on April 24, 2014—the doctrine of claim splitting bars Plaintiff's claims.

**IV.     Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss [9] and denies as moot Plaintiff's motions [26] and [29]. A final judgment will be entered and the case will be closed.

Date: April 7, 2017

Robert M. Dow, Jr.
United States District Judge

5